THERESA ULBRIGHT ET UX., PLAINTIFFS-RESPONDENTS, v. ONIST BAKING COMPANY ET AL., DEFENDANTS-APPELLANTS.

J. EDWIN FERRIDAY, PLAINTIFF-RESPONDENT, v. ONIST BAKING COMPANY ET AL., DEFENDANTS-APPELLANTS.

Argued March 4, 1925—Decided April 17, 1925.

Negligence—Runaway Horse—Evidence Raised Prima Facie Presumption of Negligence—Jury to Determine Whether Negligence Ought to be Inferred—Questions Relating to Testimony Considered.

On appeal.

Before Justices KALISCH, BLACK and CAMPBELL.

For the appellants, *William E. Holmwood.*

For the respondents, *John V. Laddey.*

PER CURIAM.

The trial of these cases resulted in verdicts for the plaintiffs for $5,500 and $3,000, respectively. The defendants filed twelve grounds of appeal in each case. Only two of the grounds, however, are argued, viz., the second and the fifth. Error in refusing to grant a motion for the direction of a verdict in favor of the defendants and error in permitting the plaintiff's attorney on cross-examination to ask a witness, George E. Schaffer, the following question: "You had a runaway on Lyons avenue, didn't you?" *A.* "I do not remember; I just recall the Irvington runaway. It is really impossible for me to recall."

The suit grew out of a runaway horse harnessed to a delivery wagon running unattended down Orange avenue near Speedway avenue, in Newark, on December 31st, 1923, at

about five o'clock in the afternoon. The horse and wagon ran into an automobile driven by the plaintiff, J. Edward Ferriday, in which Mrs. Ulbright was riding. The driver of the horse and wagon stopped at No. 507 South Orange avenue to make a delivery. He left the horse and wagon at the curb unattended, but, before leaving the horse, he locked the brakes, which acted on the rear wheels of the wagon.

Quite independent of the statute—the Traffic act—the evidence presents a jury question under the cases of *Kokoll* v. *Brohm, &c., Lumber Co.*, 77 *N. J. L.* 169; *Francois* v. *Hanff*, 77 *Id.* 364; *Dennery* v. *Great Atlantic, &c., Co.* 82 *Id.* 517.

The evidence raised a *prima facie* presumption of negligence upon the part of the defendants. *Tietje* v. *Catalona*, 88 *N. J. L.* 63.

At the close of the entire case a question of facts was presented. It was for the jury to say whether negligence ought to be inferred.

It was not error for the trial court to refuse to direct a verdict in favor of the defendants—the Traffic act (*Comp. Stat. of N. J.*, 1*st Supp.*, *p.* 1387; *Pamph. L.* 1915, *p.* 295, *part* 3, § 11) *subdivision* 14 *provides*, that "no horse shall be left unattended in any street "unless securely fastened, or unless the wheels of the vehicle to which he is harnessed are securely tied, fastened or chained." The defendant may show, and did show, what he did to obey the statute. *Evers* v. *Davis*, 86 *N. J. L.* 205.

Nor is there reversal error in the fifth ground of appeal.

The defendant called as a witness George Edward Schaefer, the treasurer of the defendant company, and, at page 121 of the printed book, the defendant's attorney asked the witness the following questions: *Q.* "Did you say anything to him about a horse running away?" *A.* "I did not." *Q.* "What did you say to him?" *Q.* "Was that horse that ran away, &c." *Q.* "That is not the same horse at all that was in this accident, &c." Surely, after having introduced evidence as to a runaway horse, the plaintiff cannot be deprived of a right of cross-examination on the same subject. *Buhrey* v. *Poniatishin*, 95 *N. J. L.* 128. Even so, the answer was harmless.

It falls within that provision of the statute. *Pamph. L.* 1912, *p.* 382, § 27. No judgment shall be reversed for the improper admission or exclusion of evidence, unless, after examination of the whole case, it shall appear that the error injuriously affected the substantial rights of a party.

Finding no error in the record, the judgment of the Essex County Circuit Court in each case is affirmed.